1  Mark D. Kremer (SB# 100978)
     m.kremer@conklelaw.com
2  Mark C. Riedel (SB# 129205)
     m.riedel@conklelaw.com
3  Zachary Page (SB# 293885)
     z.page@conklelaw.com
4  CONKLE, KREMER & ENGEL
   Professional Law Corporation
5  3130 Wilshire Boulevard, Suite 500
   Santa Monica, California 90403-2351
6  Phone: (310) 998-9100 • Fax: (310) 998-9109

7  Attorneys for Plaintiff
   Moroccanoil, Inc.

8  Randall T. Skaar (admitted *pro hac vice*)
   **Skaar Ulbrich Marcari, P.A.**
9  601 Carlson Parkway, SUite 1050
   Minnetonka, MN 55306
10 Telephone: (612) 216-1700
   Email:      skaar@sumiplaw.com

12 Attorneys for Defendant
   Renpure, L.L.C.

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MOROCCANOIL, INC. a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>RENPURE, L.L.C., a Nevada limited liability company; and DOES 1 through 10, inclusive,<br><br>  Defendant. | CASE No. 14-02246-DMG-(AGRx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT<br><br>Assigned for all purposes to:<br>Honorable Dolly M. Gee<br>Courtroom No. 7 |

NOTE CHANGES MADE BY THE COURT

2522.274\9974

[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

## STATEMENT OF GOOD CAUSE

This is a trademark infringement action ("Action"). Discovery and trial of this Action will involve the exchange of highly sensitive information. Such information may include confidential business strategies, financial data, product design and manufacturing details, blueprints, customer lists, confidential research, development, or commercial information, and other valuable information that is not available to the public. The parties to this action (individually, "Party" and collectively, "Parties") agree that the disclosure of such highly sensitive information to the public may be detrimental to their respective commercial interests and that discovery in this proceeding should be conducted under a Stipulated Protective Order and Confidentiality Agreement ("Protective Order") made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26"). Through their respective attorneys of record, the Parties have agreed to be bound by the terms of the Protective Order and to present the same for entry as an Order of the Court. Nonparties may produce information and documents that will be governed by the terms of this Protective Order by agreeing in writing to be bound by the terms of this Protective Order through Exhibit A and following the procedure for designating Confidential Information as set forth in this Protective Order.

## INFORMATION COVERED

1.   This Protective Order shall apply to any information, documents or testimony, which is deemed by a Party or nonparty to contain "Confidential Information." For purposes of this Protective Order, "Confidential Information" means any information, documents, testimony and things as to which a Party or nonparty deems that a reasonable basis exists for limiting dissemination of the material under the

standards of Rule 26 and contains confidential and/or proprietary commercial information that is not generally available to the public.

2. Confidential Information includes, but is not limited to, all business information of any type, such as contractual and financial arrangements, business agreements and relationships, income, revenue, expenses, profits, plans, strategies, valuation, personnel and salary information.

## DESIGNATION AND TREATMENT OF CONFIDENTIAL INFORMATION

3. Confidential Information shall be designated by the producing Party or nonparty as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the following standards:

(a) A Party or nonparty may designate material CONFIDENTIAL only if it deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and that the material contains confidential and/or proprietary commercial information that is not generally available to the public; and

(b) A Party or nonparty may designate material HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only if it deems that disclosure of such material to another person or party would be injurious to the commercial interests of the designating entity under the standards of Rule 26 and that the material contains highly propriety technical or trade secret or business information

so that the risk of improper use or disclosure to another party outweighs the right of that party to review such information.

4. "CONFIDENTIAL DESIGNATION": Confidential Information designated as CONFIDENTIAL under paragraph 3(a) maybe disclosed only to the following persons, except upon the prior written consent of the designating Party or nonparty or upon order of the Court:

    (a)    Outside litigation Counsel of Record including their lawyers, law clerks, and staff employees (including stenographic, clerical and paralegal employees);

    (b)    Party individuals, defined as follows: Parties to this action, including persons regularly employed by the Parties, who reasonably require knowledge of the particular Confidential Information in order to assist in the Parties' litigation or settlement activities.

    (c)    Subject to the provisions of paragraph 10 below, Court personnel involved in this action, which includes arbitrators and mediators who agree to be bound to this Protective Order;

    (d)    Court reporters, videographers, translators and similar personnel involved in recording testimony or proceedings in this action who agree in writing or on the record to be bound to the terms of this Protective Order;

    (e)    Consultants or experts retained by Parties to this action, including persons regularly employed by such consultants or experts who

reasonably require knowledge of the Confidential Information disclosed in order to assist in the Parties' litigation or settlement activities, who agree to the terms of this Protective Order and sign Exhibit A;

(f) Persons appearing for deposition who agree to the terms of this Protective Order and sign Exhibit A, provided that such persons (1) authored or received such Confidential Information, (2) are established as being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony, or (3) is a current employee of the Party (or non-party) that produced the Confidential Information (subject to the right of the producing Party to object and move for a protective order prior to the deponent being given access to such Confidential Information);

(g) Persons otherwise lawfully entitled to such Confidential Information, including persons who have been authors or recipients of such Confidential Information (and who have not wrongfully obtained the Confidential Information) outside of discovery in this Action.

5. HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY DESIGNATION: Confidential Information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under paragraph 3(b) maybe disclosed only to the following persons, except upon the prior written consent of the designating Party or nonparty or upon order of the Court:

(a) All persons identified in paragraphs 4(a) and (c)-(g) above to whom information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed.

(b) The General Counsel for Plaintiff, Anthony Wilson, who shall agree to be bound to this Protective Order and sign Exhibit A.

(c) President of Renpure, L.L.C., Thomas Redmond, who shall agree to be bound to this Protective Order and sign Exhibit A.

6. A Party or nonparty may designate information produced by that Party or nonparty which it deems to contain Confidential Information by, to the extent possible, marking each page of each writing produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as follows:

(a) In the case of information voluntarily disclosed in these proceedings or disclosed as a result of discovery, the producing Party or nonparty may identify and mark Confidential Information at the time when an affidavit, pleading or memoranda is served, when the answer to the interrogatory or request for admission is served, when a copy of a document is provided or at the time of the inspection of the premises or thing.

(b) In the case of depositions and deposition transcripts, the designating Party or nonparty shall advise opposing counsel and the court reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. For convenience, if a deposition transcript contains repeated references to Confidential Information which cannot conveniently be segregated from non-confidential information, any Party or nonparty may request that the entire transcript be marked by the reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The Court Reporter shall conform all materials in

his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate. Until the expiration of the 30 day period, the entire transcript shall be deemed Confidential Information absent an agreement by the parties on the record.

7. If any person who is proposed to receive Confidential Information refuses to sign the Agreement to be bound by this Protective Order, upon due notice and for good cause shown, such person may be ordered by the Court to be bound to its terms.

8. Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response, will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure. Any disclosure made by the receiving Party prior to receipt of the letter shall not be a violation of this Protective Order, nor shall the receiving Party incur liability for use or disclosure of the information prior to the receipt of such letter.

## DISPUTES AND DISCLOSURE OF CONFIDENTIAL INFORMATION

9. All Confidential Information shall be used solely for the purpose of this litigation between the Parties and may not be used for any other purpose, except (a) by Order of the court in this Action after a noticed motion is made in which notice is

given to all interested Parties and persons; and (b) for a Party's use of its own Confidential Information that it has designated.

10. Subject to the limitations of this Protective Order, Confidential Information designated in accordance with paragraph 4 may be used during discovery, in connection with any motion, at the trial and/or appeal of this action, or for any other purpose as the Court may allow after notice to all parties. To the extent Confidential Information is included in any pleading, paper, or other document filed with the Court, the party filing such Confidential Information shall lodge such information under seal in compliance with this Court's Orders and Local Rule 79-5. Papers being submitted for filing under seal shall bear on the face of initial page of the papers the notation "Confidential or Highly Confidential – Attorneys Eyes Only Filed Under Seal"

11. A Party may dispute the designation of any Confidential Information by giving written notice of such objection to the designating Party or nonparty within 30 days of the designation. The Parties will first try, in good faith, to resolve such a dispute before presenting the dispute to the Court pursuant to Local Rule 37. If the designating Party or nonparty does not withdraw or change the designation, the objecting Party may file a motion requesting that the Court determine whether the information should be treated as Confidential Information, and if so, the appropriate designation. In any such motion, the designating Party or nonparty has the burden of establishing that the information is Confidential Information as defined in paragraph 4 above, but the information shall be treated as appropriate Confidential Information unless and until determined otherwise by the Court. The disputed material shall be presented to the Court under seal, pursuant to Local Rule 79-5 and the provisions of this Order to permit the Court to make a determination as

to whether the material qualifies as Confidential Information, and if so, the appropriate designation for the Confidential Information. The Court may award reasonable attorney's fees and costs to the prevailing Party or nonparty if it finds such motion or opposition to such motion was not substantially justified.

12. Any Party or nonparty receiving a request to produce Confidential Information to a third-party shall not do so without compulsion of law, but shall provide notice and details of the request to the designating Party or nonparty as soon as is practical under the circumstances but, in any event, no less than fourteen days prior to the date by which production is required. If the designating Party or nonparty objects to the production, no production of the Confidential Information shall occur until a court of competent jurisdiction rules on the subject.

13. The inadvertent disclosure of any documents or electronically stored information that may be subject to attorney-client privilege, the work-product doctrine, or any other privilege recognized under California law (collectively referred to as "Privileged Information") shall not be deemed a waiver in whole or in part of either the attorney-client privilege, the work-product doctrine, or any other privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

**TERMINATION**

14. Within thirty (30) days after final termination of this case, each person subject to this Protective Order shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the Party or nonparty who has provided them or certify destruction thereof, except, however, counsel may

retain one copy of any pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information, subject to paragraph 15 below. No counsel or Party shall be required to destroy any electronically stored information contained in backup media which cannot practicably be destroyed without also destroying other non-confidential data; such electronically stored information shall not be accessed or restored to other accessible media without the agreement of the designating Party or an order of the Court after notice to the designating Party.

15. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings in order to provide the Court with jurisdiction to enforce its terms and to ensure compliance.

### AGREEMENT TO BE BOUND

16. The Parties and all signatories to this Protective Order, including those in the attached Exhibit A, agree to be bound by all the undisputed terms of this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Protective Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

**STIPULATED AND AGREED.**

Dated: August 29, 2014

Mark D. Kremer
Mark C. Riedel
Zachary T. Page, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation


By: /s/ Mark C. Riedel
Mark C. Riedel
Attorneys for Plaintiff Moroccanoil, Inc.

Dated: August 29, 2014

Randall T. Skaar
**SKAAR ULBRICH MARCARI, P.A.**


By: /s/ Randall T. Skaar
Randall T. Skaar
Attorneys for Renpure, L.L.C.

1 | THE COURT HAVING FOUND GOOD CAUSE FOR THE FOREGOING
2 | STIPULATED PROTECTIVE ORDER, IT IS SO ORDERED.
3
4 | DATED: Oct. 23, 2014
5
6 | _Alicia G. Rosenberg_
7 | Honorable ~~Dolly M. Gee~~
8 | United States ~~District~~ Judge
   | Magistrate

# EXHIBIT A

# AGREEMENT TO STIPULATED PROTECTIVE ORDER

I have reviewed the Stipulated Protective Order and Confidentiality Agreement ("Protective Order") entered in the Central District of California court case entitled *Moroccanoil, Inc. v. Renpure, L.L.C.*, CASE No. 2:14-cv-2246-DMG-(AGRx) (the "Action"). I agree to maintain the confidentiality of all Confidential Information, as defined by the Protective Order, and that I will not use or disclose (to anyone other than my counsel) any Confidential Information that I learn of or receive in the course of the Action. I have received a copy of the Protective Order, agree to abide and be bound by its terms, and agree that I am subject to the jurisdiction of the Court having jurisdiction over the Action for purposes of enforcement of these obligations.

Dated: _____

Signature: _____

Printed Name: _____

On behalf of: _____

Address: _____
_____
_____

Phone: _____

Email: _____